IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STARR  INDEMNITY &  LIABILITY COMPANY | § § § | |
| *vs*. | § § | C. A. NO. H – 16 – 1290 |
| PAULAO TRUCKING, LLC | § § | |

*ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Starr Indemnity & Liability Company files this Original Complaint against Defendant Paulao Trucking, LLC and respectfully will prove by a preponderance of the credible evidence:

1. Plaintiff seeks to recover monetary damages for loss to part of a shipment of cow hides (the "cargo") to have been carried over the road safely from Laredo, Texas to Hartland, Maine in February 2015.

2. The Court has original jurisdiction under 28 U.S.C. § 1337(a) and 49 U.S.C. § 14706 because the matter in controversy for each receipt or bill of lading exceeds $10,000.00, exclusive of interest and costs.

3. Venue is proper under 49 U.S.C. § 14706(d)(1) because this civil action is brought against the delivering carrier alleged to have caused the loss in a judicial

district in a State through which that defendant carrier operates.

4. Plaintiff is a Texas corporation with its principal place of business in New York, New York.

5. At all times material, Plaintiff insured Tasman Industries, Inc. ("Tasman") and/or the cargo.

6. Plaintiff paid Tasman for the cargo's loss under an insurance policy and is contractually and/or equitably subrogated to Tasman's interest in the cargo.

7. Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargo.

8. On information and belief, Defendant is a Texas limited liability company with its principal place of business in Arlington, Texas.

9. At all times material, Defendant engaged in business in Texas as an interstate freight forwarder, common carrier and/or bailee of goods transported by road for hire.

10. Alternatively, at all times material, Defendant engaged in business in Texas by providing, procuring, arranging, negotiating for sale, offering for sale, selling and/or holding itself out as selling interstate transportation by motor carrier for compensation to persons and entities in Texas and/or for goods carried or intended to be carried in, from and/or through Texas, and/or by committing a tort in Texas.

11. Defendant can be served by its registered agent, Kadjo Nestor, 1505 Waxwing Court, Arlington, Texas 76018.

12. In consideration of charges paid or agreed to be paid and on or before February 25, 2015, Defendant expressly and/or impliedly promised Tasman or one of its affiliated companies safely to receive the cargo at Laredo and then handle, secure, carry, unload and deliver it to Tasman or its consignee at Hartland in the same good order and condition as when received.

13. On or about February 25, 2015, Tasman or its consignor tendered the cargo to Defendant at Laredo in good order and condition and Tasman's consignor there issued and, at Defendant's instruction, the driver signed Bill of Lading No. 18253181 and/or other bills of lading and/or receipts, each free of exceptions or notations for loss or damage, acknowledging the cargo's receipt in apparent good order and condition.

14. Thereafter, Defendant failed timely to deliver the cargo at Hartland in good order and condition as when received but, on the contrary, part of the cargo was physically damaged.

15. As the receiving motor carrier providing transportation or service subject to jurisdiction under Subchapter I or III of Chapter 135 or Chapter 105 of Title 49 of the United States Code, Defendant is liable to Plaintiff as the person entitled to recover under the receipt or bill of lading for the actual loss or injury to the cargo.

16. Plaintiff cannot more specifically allege Defendant's acts and/or omissions constituting negligence and, accordingly, invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the loss was such that it would not

have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within Defendant's control.

17. Plaintiff legally is entitled to recover from Defendant the amount of the actual loss to the cargo.

18. The sum of $13,373.75 plus all reasonable and necessary incidental damages, if paid now in cash to Plaintiff, fairly and reasonably would compensate it for the actual loss to the cargo proximately resulting from Defendant's acts and/or omissions.

19. Plaintiff also legally is entitled to recover interest on its damages, dating from February 25, 2015, and post–judgment interest and costs of court incurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Starr Indemnity & Liability Company respectfully prays that this Honorable Court adjudge that Defendant Paulao Trucking, LLC is liable to Plaintiff for its alleged damages, pre–judgment interest, court costs and post–judgment interest, and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
5535 Memorial Drive, Suite F570
Houston, Texas 77007
Telephone:   (713) 864–2221
Facsimile:    (713) 864–2228
Email:    macknife@macknife.net

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS   FOR   PLAINTIFF